No. 428. PARKER v. ILLINOIS, *ante*, p. 816. Rehearing denied.

Statement by MR. JUSTICE JACKSON: "A litigant, apparently in good faith, raises objection to my participation in decision of his case, basing his objection upon statements which, if true, might reasonably lead him to believe himself justified in making the challenge. It seems appropriate to set the record straight.

"In applying for a rehearing petitioner says: 'Prior to his elevation to the Supreme Court of the United States, Justice Jackson was the general counsel for Mr. Terry Druggan. Mr. Weymouth Kirkland was the associate counsel with Justice Jackson in the large money affairs of Mr. Druggan.' He adds that he is informed that for these reasons I 'had succeeded in dividing the U. S. Supreme Court against this defenseless petitioner.'

"The facts are that I never have been general counsel or counsel of any character for any person named Terry Druggan, never to my knowledge saw or met such a person, do not know who he might be, where he resides or what his affairs consist of. Neither in this nor in any other matter was I ever associated professionally with Mr. Weymouth Kirkland, nor has he at any time communicated directly or indirectly with me concerning this case or any other matter pending in this or any other Court."

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, MR. JUSTICE MURPHY, and MR. JUSTICE RUTLEDGE having voted to reverse the judgment of conviction, vote to grant the petition for rehearing.

No. 563. SIKORA REALTY CORP. v. WOODS, HOUSING EXPEDITER, 333 U. S. 855. Rehearing denied.

No. 226, Misc. TAURISANO v. NEW YORK, 332 U. S. 849. Rehearing denied.